UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS PEETS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>S. WILLIAMS, Warden,<br><br>　　　　　Respondent. | Case No. 25-cv-09465 BLF (PR)<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION; VACATING JUDGMENT AND REOPENING CASE**<br><br>(Docket No. 6) |

Petitioner, a California prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction.  Dkt. No. 1.  The Court found Petitioner filed a previous habeas petition which was dismissed as procedurally defaulted based on untimeliness.[1]  Dkt. No. 4 at 2.  Because Petitioner challenged the same underlying conviction as in the previous action, the Court found it was a second or successive petition and dismissed the action on January 12, 2026.  *Id.*

Petitioner has filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e), asserting that the petition is not second or successive.  Dkt. No. 6.  He asserts that his new claims are based on a new state-created liberty interest which was

---

[1] The Ninth Circuit denied the request for a certificate of appealability on September 27, 2019.  Dkt. No. 4 at 2.

enacted by the State of California in 2023.  Dkt. No. 6 at 2.  He asserts, therefore, that the new claims could not have been raised at the time of the first petition filed in 2017.  *Id.*

A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).  Here, the Court finds good cause to grant the motion for reconsideration based on clear error as the new claims are based on the passage of Senate Bill 467 in 2023 and therefore did not accrue until after his first habeas petition was denied.  Dkt. No. 1 at 15.  *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (petition not second or successive if the factual predicate for the claim accrued after the time of the initial petition); *see also Brown v. Atchley*, 76 F.4th 862, 873 (9th Cir. 2023) (petitioner's third and fourth habeas petitions, regarding his application for Section 1170.95 re-sentencing and related denial of this application, not second or successive because claims did not become ripe until March 2019 when resentencing application was denied, which was after first and second habeas petition were denied or dismissed in 1998 and 2016, respectively).  Accordingly, Petitioner's motion for reconsideration is **GRANTED**.

For the reasons stated above, the Judgment entered on January 12, 2026, Dkt. No. 5, is **VACATED**.  The Clerk shall reopen this matter.

This order terminates Docket No. 6.

**IT IS SO ORDERED.**

**Dated:** February 12, 2026

_____
BETH LABSON FREEMAN
United States District Judge

Order Granting Recon; Reopening Action
PRO-SE\BLF\HC.25\09465Peets_grant-recon&reopen

United States District Court
Northern District of California

2